[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue presented by the defendants' motion to strike is whether the plaintiffs have sufficiently alleged facts to support a claim of bad faith, in that the defendants allegedly breached the covenant of good faith and fair dealing implicit in a contract.
FACTUAL BACKGROUND
The Plaintiffs, Victor Anatra and Laurel Hollow Associates of Guilford, Incorporated, filed this action on August 21, 1996, alleging by way of a four count complaint that the defendants, Russell Waldo and Russell Waldo Professional Engineer and Land Survey and Associates, P.C., had breached the contract agreed upon by the parties and that the defendants' actions violated the Connecticut Unfair Trade Practices Act (CUTPA). In a memorandum of decision filed September 11, 1997, the court, Zoarski, J., granted the defendants' motion to strike the two CUTPA claims on the grounds that, as they were pleaded, the counts did not allege any of the three prongs of the "cigarette rule,"[1] and because the counts did not distinguish whether the defendants had engaged in an unfair practice or a deceptive practice.[2] The court concluded that counts two and four merely alleged a simple breach of contract claim. (Memorandum of Decision, Zoarski, J., p. 5.) On October 14, 1997, the plaintiffs filed a second amended complaint. Counts one and three were the same, alleging breach of contract, while counts two and four were mended to allege bad faith.
On October 29, 1997, the defendants filed a motion to strike counts two and four of the plaintiff's second amended complaint on the grounds that the plaintiffs have failed to sufficiently plead bad faith and, in the alternative, under the law of the case doctrine, the counts should be stricken because they are substantially similar to the previous CUTPA allegations already stricken by Judge Zoarski. The plaintiffs contend that the bad faith counts are legally sufficient and the law of the case CT Page 2062 doctrine is inapplicable.
LEGAL DISCUSSION
The second and fourth counts of the plaintiffs' second amended complaint allege that the defendants acted in bad faith and violated the covenant of good faith and fair dealing implicit in all contracts. The counts, identical except as they reference the defendants individually, plead the following facts in support of the allegations of bad faith: "a. By charging the plaintiff more than the reasonable and customary value for the [defendants'] services based upon the time put in and the value of said projects; b. [The defendants] caused a delay to the completion of this job in such a manner that it took an excessive amount of time and monies to complete; c. In that [the defendants] failed to provide proper billing outlining specifically the work performed in a timely and competent manner; d. In that [the defendants] failed to properly advise the plaintiff of the time frame and costs to complete the project." (Plaintiff's second amended complaint, dated October 14, 1997).
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither part do anything that will injure the right of the other to receive the benefits of the agreement." Habetz v. Condon, 224 Conn. 231, 238, 618 A.2d 501
(1992). Yet, "[b]ad faith means more than mere negligence; it involves a dishonest purpose." Id., 237. "Bad faith in general implies both actual and constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." (Internal quotation marks omitted.) Id.; see Feinberg v. Berglewicz, 32 Conn. App. 857,862, 632 A.2d 709 (1993).
"In order for the plaintiff to prove that the defendant is acting in bad faith in repudiating the contract, the plaintiff must plead such allegations in its complaint. `It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of [the] complaint.' Lamb v. Burns,202 Conn. 158, 172, 520 A.2d 190 (1987)." Vincenzi, Inc. v. Pasqualina,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301949 (February 17, 1994; Ballen, J.). However, the present case is analogous to those cases where the pleadings were legally insufficient to allege a cause of action based upon bad CT Page 2063 faith.
For example, in Blair v. Titan Sports, Inc., an action arising from a dispute over professional wrestling booking agreements, the plaintiffs alleged "a breach by failing to inform [plaintiffs] of the contracts and agreement entered into, by entering into contracts or agreements calling for initial or `up front' payments in lieu of merchandise, by incorrectly calculating the compensation due to [plaintiffs] . . . and by failing to pay them the amounts due thereunder." (Internal quotation marks omitted); Blair v. Titan Sports, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 138441 (January 24, 1996; Tobin, J.) The court, Tobin, J., concluded that the complaint alleged an improper interpretation of the contract, but that it was legally insufficient in pleading a cause of action for bad faith. Id.
In McCrea v. Louis Dreyfus Corporation, Superior Court, judicial district of Danbury, Docket No. 316358 (September 28, 1994; Stodolink, J.), the plaintiffs alleged bad faith in the defendant's failure to pay severance payments and credit the plaintiffs with the required years of service. Citing Puglio v.National Grange Mutual Insurance Company, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 303610 (October 12, 1993; Maiocco, J.), the court held that mere allegations of bad faith are insufficient to support a cause of action on that theory. Like the court in Blair v. Titan Sports,Inc., supra, Superior Court, Docket No. 138441, the court reasoned that plaintiffs must plead specific facts which go beyond a simple breach of contract claim and enter into a realm of tortious conduct which is motivated by a dishonest or sinister purpose. Id.
Additionally, the present case is distinguishable from cases where a claim of bad faith has been held to be legally sufficient. For example, in Brothers v. American Home, the plaintiff alleged that the defendant, "willfully and in reckless disregard for [the plaintiff's] rights," failed to conduct a reasonable investigation into the plaintiff's insurance claim based upon all the available evidence, and that the plaintiff's claim was "arbitrarily and in bad faith" denied for a reason not permitted by the insurance policy even though it was undisputed that the plaintiff's claim was covered by the policy. (Internal quotation marks omitted.) Brothers v. American Home, Superior Court, judicial district of New Haven, Docket No. 364725 (August CT Page 2064 25, 1995, Hartmere, J.). There, this court emphasized that in every insurance contract there is an implied covenant of good faith and fair dealing, and construing the complaint most favorably to sustaining its sufficiency, found that the plaintiff had pleaded enough facts to sustain the complaint. Id.
Unlike Brothers v. American Home, supra, Superior Court, Docket No. 364725, however, here the plaintiffs have failed to allege facts sufficient to support the allegations of bad faith on the part of the defendants. First, unlike Brothers v. AmericanHome, there is no written contract to examine to determine the rights and obligations agreed upon by the parties. See id. In the first count of the plaintiffs amended complaint, dated October 14, 1997, the plaintiffs allege that an oral contract was entered into with the defendants. The reasonable inferences which might be drawn from the complaint do not provide the court with anything definite as to the exact understanding reached by the parties. Without such clarity, the court has an incomplete context in which to examine the alleged breach for an "interested or sinister motivation" on the part of the defendants.
Second, the breach of the contract in the present case does not sound in bad faith. See Blair v. Titan Sports, Inc., supra, Superior Court, Docket No. 138441; McCrea v. Louis DreyfusCorporation, supra, Superior Court, Docket No. 316358. InBrothers v. American Home, the inference regarding the reason for nonpayment of the plaintiff's claim, (i.e., denying the claim for a reason not permitted by the insurance policy), seemed to point only to bad faith. In the present case, however, the plaintiffs' allegations that the defendants did not comply with the understanding of an oral agreement do not exclusively, if at all, demonstrate a bad faith purpose for the alleged breach. The allegations of the plaintiffs do not describe a "sinister" motivation. As found by Judge Zoarski, in deciding the motion to strike the similarly pleaded CUTPA counts, the facts as set forth by the plaintiffs "amount to a simple breach of contract." (Memorandum of Decision, Zoarski, J., p. 6)
Finally, the pleadings simply are not legally sufficient to allege bad faith. See Blair v. Titan Sports, Inc., supra, Superior Court, Docket No. 138441; McCrea v. Louis DreyfusCorporation, supra, Superior Court, Docket No. 316358. The plaintiffs have not alleged either a "wilful," "reckless," or "arbitrary" basis for the defendants' alleged breach. SeeBrothers v. American Home, supra, Superior Court, Docket No. CT Page 2065 364725. "While the plaintiff's memorandum of law presents a scenario involving an improper motive, that scenario is not found in the complaint." Blair v. Titan Sports Inc., supra, Superior Court, Docket No. 138441.
Since the plaintiffs' complaint does not plead sufficient facts to support the two counts of bad faith, the defendants' motion to strike counts two and four will be granted and the court need not reach the defendants' alternative argument regarding the law of the case doctrine.
CONCLUSION
Based upon the foregoing, the defendants' motion to strike counts two and four (#126) is granted.
So ordered.
Michael Hartmere Judge of the Superior Court